United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION<br><br>    Plaintiff,<br><br>  v.<br><br>SECURE DATA IN MOTION, d/b/a SIGABA,<br><br>    Defendant.<br>_____/<br><br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 02-04483 SI<br>(Related Case No. C 03-0521 SI)<br><br>**ORDER RE: DISCOVERY** |

By letter briefs, the parties seek an order from the Court requiring the re-designation of documents and deposition testimony previously designated as "Confidential" and "Highly Confidential– Attorney's Eyes Only" ("AEO"). Throughout the case, both parties have designated many documents AEO, and they now agree that many of these materials should be re-classified. They have met and conferred about the over-designation issue over the past year and been unable to reach agreement.

Each party contends that the other has improperly over-designated documents as confidential and AEO. According to Sigaba, many documents designated by PostX as AEO contain information that is no longer commercially sensitive because it is more than two years old and public in some instances.

The parties apparently agree that the Protective Order should be amended to include new criteria for re-designating materials as AEO, and they substantially agree on the criteria themselves. See Def.'s Letter Br. at 4-5; Pl.'s Letter Br., Ex. B at 1-2. They disagree on (1) whether all materials currently designated as AEO should be de-designated to confidential, or whether both AEO and confidential materials should be completely de-designated; and (2) whether the Court should impose the restriction that de-designated discovery materials

should only be used in connection with this litigation. PostX also proposes that the Protective Order be amended so that only AEO documents are required to be filed under seal.

The Court agrees with the parties that de-designation of discovery materials is appropriate, and finds that both AEO and confidential documents should be de-designated. All documents may then be re-designated according to the criteria set forth in Sigaba's letter brief. The Court also ORDERS that only AEO documents must be filed under seal.

The Court also considers the limitation that all discovery materials may only be used in connection with the litigation to be entirely reasonable, and imposes this restriction on the parties.

**IT IS SO ORDERED.**

Dated: August 16, 2005

SUSAN ILLSTON
United States District Judge