United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POSTX CORPORATION,

    Plaintiff,

v.

SECURE DATA IN MOTION, d/b/a SIGABA,

    Defendant,

AND RELATED COUNTERCLAIMS.
_____/

No. C 02-04483 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND AMENDING AUGUST 17, 2005 ORDER**

On August 19, 2005, PostX filed a motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(a). PostX seeks reconsideration of the statement in the Court's August 17, 2005 Order re: Summary Adjudication Motions that "a Lanham Act claim based on a false claim of infringement does not require a showing of objective baselessness." August 17, 2005 Order at 16:22-23. The Court has granted the motion for leave and hereby GRANTS plaintiff's motion for reconsideration.[1]

The Court relied on Zenith Electronics Corp. v. Exzec, Inc., 182 F.3d 1340, 1354 (Fed. Cir. 1999), where the Federal Circuit held that claims under § 43(a) of the Lanham Act require a showing of bad faith. As PostX correctly points out, however, the Court of Appeals stated in Zenith that "[e]xactly what constitutes bad faith remains to be determined on a case by case basis," and did not clearly enunciate whether the bad faith

---

[1] A motion for reconsideration will be granted where the moving party shows "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Local Rule 7-9(b)(3). Because PostX cited Globetrotter in its moving papers, this legal authority was before the Court at the time of its summary adjudication decision. See Docket # 596, Pl.'s Mot. at 1, n. 2 ("Upon a determination that PostX's patent claims were not were not a sham, Sigaba's false advertising claim must also fail. Cf. Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1374-75 (Fed. Cir. 2004).").

test included both objective and subjective requirements. More recently, in <u>Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 362 F.3d 1367 (Fed. Cir. 2004), the Federal Circuit addressed the question of "whether the bad faith standard of <u>Zenith</u> can be satisfied in the absence of a showing that the claims asserted were objectively baseless," and held that "it cannot." 362 F.3d at 1375. Under <u>Globetrotter</u>, which addressed state law claims based on communications alleging patent infringement, "[a] plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." <u>Id.</u> at 1377. Since <u>Globetrotter</u>, at least one court in this district has applied the objective baselessness requirement to Lanham Act claims. See <u>Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH</u>, 2005 WL 1514100, at *3-4 (N.D. Cal. Jun. 21, 2005) (finding that, in determining whether a patentee has acted in bad faith under the Lanham Act, the court must first determine whether the statements alleging infringement were objectively baseless).

As PostX acknowledges, the rule of <u>Globetrotter</u> does not entitle it to summary adjudication on Sigaba's Lanham Act counterclaim. However, the Court considers it necessary to amend its August 17, 2005 Order to state the correct legal standard and clarify the effect of <u>Globetrotter</u> on the factual basis for the Lanham Act claim. The sentence in the August 17, 2005 Order at 16:22-24 ("However, a Lanham Act claim based on a false claim of infringement does not require a showing of objective baselessness, and thus the Court's finding that PostX's suit was not objectively baseless under <u>PREI</u> does not control the viability of Sigaba's Lanham Act counterclaim") is hereby deleted and replaced with the following:

> A Lanham Act claim based on a false claim of infringement requires a showing of objective baselessness. See <u>Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 362 F.3d 1367 (Fed. Cir. 2004); <u>Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH</u>, 2005 WL 1514100, at *3-4 (N.D. Cal. Jun. 21, 2005) (applying <u>Globetrotter</u>, and holding that, in determining whether a patentee has acted in bad faith for purposes of a Lanham Act claim, the court must first determine whether the statements alleging infringement were "objectively baseless" "such that no reasonable litigant could realistically expect success on the merits.").
> However, the Court's finding that PostX's suit was not objectively baseless under <u>PREI</u> does not control the viability of Sigaba's Lanham Act counterclaim. Sigaba alleges that PostX widely publicized its suit against Sigaba to potential customers, and that it went so far as to leave on its website a press release regarding the alleged infringement for months after the Federal Circuit had affirmed this Court's findings of non-infringement. While statements by PostX regarding infringement made before and during the patent litigation are not actionable under <u>Globetrotter</u>, statements after resolution of the infringement claims, and the act of leaving the press release up on PostX's website after the Federal Circuit's ruling, do give rise to a Lanham Act claim that is not precluded by <u>Noerr-Pennington</u> doctrine.

The Court's August 17, 2005 Order is hereby AMENDED accordingly.

2

**IT IS SO ORDERED.**

Dated: 8/31/05

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION, | No. C 02-04483 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND AMENDING AUGUST 17, 2005 ORDER** |
| v. | |
| SECURE DATA IN MOTION, d/b/a SIGABA, | |
| Defendant, | |
| AND RELATED COUNTERCLAIMS. | |

On August 19, 2005, PostX filed a motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(a). PostX seeks reconsideration of the statement in the Court's August 17, 2005 Order re: Summary Adjudication Motions that "a Lanham Act claim based on a false claim of infringement does not require a showing of objective baselessness." August 17, 2005 Order at 16:22-23. The Court has granted the motion for leave and hereby GRANTS plaintiff's motion for reconsideration.[1]

The Court relied on <u>Zenith Electronics Corp. v. Exzec, Inc.</u>, 182 F.3d 1340, 1354 (Fed. Cir. 1999), where the Federal Circuit held that claims under § 43(a) of the Lanham Act require a showing of bad faith. As PostX correctly points out, however, the Court of Appeals stated in <u>Zenith</u> that "[e]xactly what constitutes bad faith remains to be determined on a case by case basis," and did not clearly enunciate whether the bad faith

---

[1] A motion for reconsideration will be granted where the moving party shows "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Local Rule 7-9(b)(3). Because PostX cited <u>Globetrotter</u> in its moving papers, this legal authority was before the Court at the time of its summary adjudication decision. See Docket # 596, Pl.'s Mot. at 1, n. 2 ("Upon a determination that PostX's patent claims were not were not a sham, Sigaba's false advertising claim must also fail. Cf. <u>Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 362 F.3d 1367, 1374-75 (Fed. Cir. 2004).").

test included both objective and subjective requirements. More recently, in <u>Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 362 F.3d 1367 (Fed. Cir. 2004), the Federal Circuit addressed the question of "whether the bad faith standard of <u>Zenith</u> can be satisfied in the absence of a showing that the claims asserted were objectively baseless," and held that "it cannot." 362 F.3d at 1375. Under <u>Globetrotter</u>, which addressed state law claims based on communications alleging patent infringement, "[a] plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." <u>Id.</u> at 1377. Since <u>Globetrotter</u>, at least one court in this district has applied the objective baselessness requirement to Lanham Act claims. See <u>Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH</u>, 2005 WL 1514100, at *3-4 (N.D. Cal. Jun. 21, 2005) (finding that, in determining whether a patentee has acted in bad faith under the Lanham Act, the court must first determine whether the statements alleging infringement were objectively baseless).

As PostX acknowledges, the rule of <u>Globetrotter</u> does not entitle it to summary adjudication on Sigaba's Lanham Act counterclaim. However, the Court considers it necessary to amend its August 17, 2005 Order to state the correct legal standard and clarify the effect of <u>Globetrotter</u> on the factual basis for the Lanham Act claim. The sentence in the August 17, 2005 Order at 16:22-24 ("However, a Lanham Act claim based on a false claim of infringement does not require a showing of objective baselessness, and thus the Court's finding that PostX's suit was not objectively baseless under <u>PREI</u> does not control the viability of Sigaba's Lanham Act counterclaim") is hereby deleted and replaced with the following:

> A Lanham Act claim based on a false claim of infringement requires a showing of objective baselessness. <u>See Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 362 F.3d 1367 (Fed. Cir. 2004); <u>Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH</u>, 2005 WL 1514100, at *3-4 (N.D. Cal. Jun. 21, 2005) (applying <u>Globetrotter</u>, and holding that, in determining whether a patentee has acted in bad faith for purposes of a Lanham Act claim, the court must first determine whether the statements alleging infringement were "objectively baseless" "such that no reasonable litigant could realistically expect success on the merits.").
> However, the Court's finding that PostX's suit was not objectively baseless under <u>PREI</u> does not control the viability of Sigaba's Lanham Act counterclaim. Sigaba alleges that PostX widely publicized its suit against Sigaba to potential customers, and that it went so far as to leave on its website a press release regarding the alleged infringement for months after the Federal Circuit had affirmed this Court's findings of non-infringement. While statements by PostX regarding infringement made before and during the patent litigation are not actionable under <u>Globetrotter</u>, statements after resolution of the infringement claims, and the act of leaving the press release up on PostX's website after the Federal Circuit's ruling, do give rise to a Lanham Act claim that is not precluded by <u>Noerr-Pennington</u> doctrine.

The Court's August 17, 2005 Order is hereby AMENDED accordingly.

2

**IT IS SO ORDERED.**

Dated: 8/31/05

                                               SUSAN ILLSTON
                                               United States District Judge