IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POSTX CORPORATION,

    Plaintiff,

v.

SECURE DATA MOTION, INC.
d/b/a/ SIGABA,

    Defendant.

       /

AND RELATED COUNTERCLAIMS.
       /

No. C 02-04483 SI

**ORDER RE: DISCOVERY DISPUTES**

    This order addresses several discovery disputes that have arisen out of PostX's recent production of 19 documents to Sigaba. The parties have filed a number of letter briefs and declarations with exhibits regarding these disputes. [Docket Nos. 840, 863, 876, 879, 884]. Sigaba contends that the 19 documents should have been produced long ago in response to various discovery requests, including in response to Sigaba's and Reid's first request for production of documents. Sigaba seeks: (1) the deposition of PostX's custodian of records to testify as to "when, how, and by whom these documents were found, how it is possible that they were not produced previously and the adequacy of PostX's and Mayfield's document production in light of" the recent production; and (2) an order requiring PostX to pay Sigaba's fees and costs associated with all additional discovery (the custodian of records deposition and other depositions that PostX has already agreed to) caused by the production of these documents.

    Sigaba also contends that PostX improperly designated certain of these documents as "Highly Confidential – Attorneys Eyes Only," and wants that designation removed so Sigaba's counsel can show the documents to their client. Sigaba states that the document at issue (PXT 0220856-61) is three years old and does not discuss any current or future PostX business strategy. Sigaba notes that the email and memo at issue were authored by a third party distributor at the time that distributor was under contract with Sigaba, and

Sigaba's counsel needs to show it to their client so that "specific Sigaba confidential information disclosed to PostX can be identified and evaluated." Sigaba further notes that the distributor and PostX never finalized a relationship, and so to the extent the email and memo discuss PostX strategies, those strategies were never implemented.

PostX responds that the late production was the result of an oversight by PostX counsel, and acknowledges that the documents should have produced as early as August 2004. PostX's counsel states in their letter brief that PostX turned over the documents at issue to PostX counsel a while ago, that the documents were inadvertently not produced, and that there was no wrongdoing by PostX or Mayfield. PostX also notes that some of the documents recently produced are actually duplicates of emails produced in earlier document productions. Accordingly, PostX contends, there is no need for a custodian of records deposition. PostX opposes Sigaba's request that PostX pay for discovery related to the recently-produced documents. Finally, without any argument in support, PostX asserts that it properly designated the email and memo as "Highly Confidential– Attorneys' Eyes Only."

The Court concludes that Sigaba is entitled to a custodian of records deposition limited to 2 hours and hereby GRANTS Sigaba's request. The Court further GRANTS Sigaba's request that PostX pay for the fees and costs associated with the depositions taken as a result of the production of these documents.

Finally, the Court agrees with Sigaba that document PXT 0220856-61 is improperly designated as "Highly Confidential– Attorneys Eyes Only." PostX has provided no explanation for this designation other than its assertion that the designation is correct. As Sigaba persuasively argues, an email/memo that is over three years old, written by the CEO of a company that was under contract with Sigaba at the time, regarding potential strategies for PostX if PostX and the company entered into a business relationship that was never consummated, does not contain the type of confidential business strategy that should be designated as highly confidential. Accordingly, the Court GRANTS Sigaba's request and orders PostX to re-designate this document.

**IT IS SO ORDERED.**

Dated: November 8, 2005

SUSAN ILLSTON
United States District Judge