IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION,<br><br>        Plaintiff,<br>  v.<br><br>SECURE DATA MOTION, INC. d/b/a/ SIGABA,<br><br>        Defendant.<br>                                            /<br>AND RELATED COUNTERCLAIMS.<br>                                            / | No. C 02-04483 SI<br><br>**ORDER DENYING SIGABA'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** |

Now before the Court is defendant/counterclaimant Sigaba's motion for leave to amend its Lanham Act and unfair competition counterclaims to allege those counterclaims against the Mayfield defendants. The Mayfield defendants oppose the motion. Pursuant to the Court's September 1, 2005 order, the motion was submitted without oral argument. After carefully considering the parties' papers, the Court DENIES Sigaba's motion for the reasons explained below.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides for amendment of pleadings by leave of court and notes that such leave "shall be freely given when justice so requires." However, the grant or denial of such a motion is committed to the discretion of the district court, and denial is proper where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

**DISCUSSION**

Sigaba's motion is based on its contention that documents produced by PostX in August 2005 "provide proof *for the first time* that Mayfield representatives – including non-PostX director Allen Morgan – were directly involved in the misappropriation of confidential Sigaba information (including the names of prospects and Sigaba's internal financial condition) by PostX CEO Thampy Thomas from Sigaba's former founder Gary Friedman in late June 2002, which misappropriation led to the circulation of PostX's 'counter offensive' strategy only two days later." Sigaba also contends that these documents "provide proof *for the first time* that Mayfield representatives – including Mr. Morgan – knew that PostX 'cannot lose B of A,' another factor that led to the creation of PostX's 'counter offensive' strategy." Motion to Amend at 1-2 (emphasis in original).

The documents at issue are (1) an email string concerning a June 2002 lunch that PostX CEO Thampy Thomas had with Gary Friedman (the former CEO of Sigaba); and (2) two emails from September 2002 regarding the possibility of PostX filing a patent infringement suit against Sigaba. Sigaba contends that because two individuals associated with Mayfield were copied on these emails, these two sets of documents show that Mayfield and PostX were "joint tortfeasors" in misappropriating confidential Sigaba information and in disseminating information about the false patent infringement claims against Sigaba in violation of the Lanham Act.

Sigaba contends that it did not unduly delay seeking to amend its counterclaims because the evidence of Mayfield's "direct involvement" was only just discovered when the documents were produced in August 2005. Sigaba also argues that Mayfield will not be prejudiced because neither Mayfield nor the Lanham Act and unfair competition act counterclaims are new, and full and complete discovery has been had on these claims by counsel who represents both PostX and Mayfield.

The Court is not persuaded by Sigaba's arguments. As an initial matter, the "critical documents" that Sigaba points to for evidence of Mayfield's "direct involvement" only show that two individuals associated with Mayfield, Yogen Dalal and Allen Morgan, were copied on the emails described above. The June 2002 email string consists of an email from Mr. Thomas to the entire PostX Board of Directors, including Yogen Dalal and Allen Morgan of the Mayfield Funds, reporting the details of a lunch meeting he had with Mr. Friedman.

2

Although some other board members responded to Mr. Thomas' email, neither Dalal nor Morgan emailed any response. The receipt of the June 2002 emails is not "proof" that Mayfield representatives were directly involved in misappropriation of confidential Sigaba information.

Similarly, neither Dalal nor Morgan responded to the September 2002 emails regarding the possible filing of a patent infringement suit against Sigaba. The first September 2002 email is from Mr. Thomas to the entire PostX Board of Directors, including Dalal and Morgan, and states that PostX intended to send a "cease and desist" letter to Sigaba complaining of patent infringement. The second email is a response from a non-Mayfield director referring to the "black cloud" that a patent infringement action would place "over [Sigaba's] head in the market, press and financial community," and also stating that "my opinion is that we should go a few extra steps and see really how confident we are in our patent prevailing. If we feel really good, we should sue them. If not, we should be very thoughtful about next steps." PXT 0220884. Sigaba contends that because the Mayfield individuals did not send an email disagreeing with these emails, such non-action constitutes "proof" that Mayfield representatives directed PostX to publicize the false infringement accusations against Sigaba to potential customers. The Court disagrees.

Indeed, most of the "evidence" described in Sigaba's papers of Mayfield's purported involvement was produced and/or discovered in depositions between 2003 and October of 2004, and Sigaba cited such evidence in its summary judgment oppositions. *See generally* Docket No. 564 (Opposition to Motion for Summary Adjudication of Antitrust Conspiracy Claims); Docket No. 722 (Opposition to Motion for Summary Adjudication of Antitrust Immunity and False Advertising Claims). Sigaba has known of this evidence for quite some time, and there is no reason why Sigaba could not have sought to amend its counterclaims earlier.

The Court concludes that Sigaba has not provided a convincing explanation for its delay in seeking to amend the counterclaims. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985 (9th Cir. 1999) (holding that unexplained delay is relevant factor in determining whether amendment should be denied). The only explanation Sigaba has provided for seeking to amend at this advanced stage of the litigation is that the recently produced documents constitute proof "for the first time" of Mayfield's wrongdoing. However, as discussed *supra*, this argument is not persuasive given that most of the evidence Sigaba relies on was produced long ago, and because the recently produced documents simply show that Dalal and Morgan

were recipients of several emails discussing Thomas' meeting with Friedman and PostX's decision to send a "cease and desist" letter to Sigaba. These emails are not "proof *for the first time*" that Mayfield participated in misappropriating confidential Sigaba information, or that Mayfield committed a Lanham Act violation. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming district court's denial motion to amend where plaintiff "contended that he had learned new facts that supported that claim shortly before the close of discovery" but in reality those "new facts" were long known to plaintiff).

The Court also concludes that allowing amendment at this late date in the litigation would unduly delay this litigation. Discovery has closed, and the deadline for filing dispositive motions has passed. The trial date, which has been rescheduled several times for various reasons, is currently set for February 2006. Allowing Sigaba's amendment would require the reopening of discovery, and based upon statements in Mayfield's opposition, it appears that if the amendment were allowed, Mayfield would seek the opportunity to file a dispositive motion; both of these actions could result in a further delay of the trial date. Simply put, allowing the amendment at this late stage in the litigation would result in undue delay, and Sigaba has provided no persuasive reason to allow amendment. *See Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party.").

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Sigaba's motion for leave to amend its counterclaims. [Docket No. 859].

**IT IS SO ORDERED.**

Dated: November 8, 2005

SUSAN ILLSTON
United States District Judge