IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION,<br><br>           Plaintiff,<br><br>   v.<br><br>SECURE DATA IN MOTION, INC, dba SIGABA,<br><br>           Defendant.<br>_____/ | No. C 02-04483 SI<br>Related Case C 03-521 SI<br><br>**ORDER DENYING PLAINTIFF'S BILL OF COSTS** |

Now before the Court is PostX's bill of costs, to which Sigaba has filed objections. Having carefully considered the parties' papers, the Court hereby DENIES the bill of costs in its entirety. (Docket No. 1120).

**BACKGROUND**

PostX filed this action in September 2002. The original complaint alleged a single claim against defendant Sigaba for infringement of U.S. Patent No. 6,014,688 ("the '688 patent"). Over time, PostX amended the complaint three times, adding a number of additional defendants and claims. In addition, PostX filed a related action, *PostX v. Sigaba*, C 03-251 SI, alleging infringement of U.S. Patent No. 6,477,647 ("the '647 patent"). Ultimately, between the two cases, plaintiff alleged the following claims against Sigaba: (1) infringement of the '688 patent; (2) infringement of the '647 patent; (3) misappropriation of trade secrets under the Uniform Trade Secrets Act, Cal. Civ. Code § 3246 *et seq.*; and (4) common law unfair competition.

On September 29, 2003 and November 26, 2003, the Court granted Sigaba's motions for

summary judgment of non-infringement of the '647 patent and the '688 patent. *See* Docket Nos. 88 in 03-251 and 146 in 02-4483. The Federal Circuit affirmed without opinion on November 15, 2004. On February 25, 2004, the Court granted summary judgment in favor of Sigaba and other defendants on PostX's claim for misappropriation of trade secrets. *See* Docket No. 246 in 02-4483. PostX's sole remaining claim for common law unfair competition was tried to a jury, and the jury found in favor of PostX and awarded $450,000 in damages.

Judgment was entered on March 21, 2006. On April 4, 2006, PostX submitted a bill of costs seeking a total of $188,669.31. Sigaba filed objections to the bill of costs. Sigaba also filed several post-trial motions, which the Court denied by order filed July 19, 2006.

**DISCUSSION**

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The Court's denial of Rule 54 costs is reviewed for abuse of discretion. *See Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003). Although Rule 54 creates a presumption that costs will be awarded to the prevailing party, "[i]n the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (*citing with approval Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996). In *Amarel*, the Ninth Circuit reversed and remanded the district court's judgment in favor of the defendant on one of the plaintiffs' claims, and left intact a jury verdict for the defendant on the other claim. The court noted that if the plaintiffs prevailed on remand, "the resultant mixed judgment may warrant that each party bear its own costs." *Amarel*, 102 F.3d at 1523; *see also Testa*, 89 F.3d at 447 (requiring each side to bear its own costs where plaintiff prevailed on state law malicious prosecution claim and defendant prevailed on plaintiff's § 1983 claim).

The Court exercises its discretion and concludes that PostX's bill of costs should be denied, and that instead each side should bear its own costs. There is no question that PostX obtained a "mixed judgment" because PostX prevailed on only one of four claims in these related cases. The Court notes that the successful unfair competition claim was not even added to this action until July 2004 after

2

1  nearly two years of hard-fought litigation. Thus, PostX's unfair competition claim was not even a focus
2  of this case for a significant period of time.[1] Accordingly, the Court DENIES PostX's bill of costs.
3  **IT IS SO ORDERED.**

5  Dated: July 24, 2006

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

---

[1] The Court further notes that even if the Court were inclined to grant any costs, PostX's bill of costs is grossly excessive and out of proportion with PostX's limited success. PostX seeks, *inter alia*, costs associated with expedited transcripts, video depositions, and claims that were settled or dismissed.