| | |
|---|---|
| John L. Cooper, SBN 050324<br>Jeffrey M. Fisher, SBN 155284<br>Farella Braun & Martel LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendant and Counterclaimant<br>Secure Data in Motion, Inc. d/b/a Sigaba | Joseph R. Tiffany II, SBN 067821<br>Dianne L. Sweeney, SBN 187198<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2475 Hanover Street<br>Palo Alto, California 94304-1114<br>Telephone: (650) 233-4500<br>Facsimile: (650) 233-4545<br><br>Attorneys for Plaintiff and Counterdefendant<br>PostX LLC successor-in-interest to PostX Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SECURE DATA IN MOTION, INC. d/b/a SIGABA,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case Nos. C02-04483 SI and C03-0521<br><br>**STIPULATION TO EXONERATE BONDING COMPANY (CBIC); [PROPOSED] ORDER**<br><br>Date:　　n/a<br>Time:　　n/a<br>Dept:　　Courtroom 10, 19th Floor<br>Judge:　　Hon. Susan Illston |

　　　　PostX Corporation which has merged into and otherwise become PostX LLC ("PostX") and Secure Data in Motion, Inc. d/b/a Sigaba ("Sigaba") hereby stipulate as follows:

　　　　WHEREAS, Plaintiff filed suit against Defendant: *PostX Corporation v. Secure Data In Motion, et al*, pending in the United States District Court for the Northern District of California, Case No. C03-0521 SI and Case No. C02-04483 SI (the "Litigation").

　　　　WHEREAS, since the entry of the Judgment, PostX Corporation has merged into and otherwise become PostX LLC. As the surviving entity of the merger, PostX LLC acquired all the assets and properties and assumed all of the liabilities and obligations of PostX Corporation. As the successor-in-interest to PostX Corporation, PostX LLC has the authority to bind its predecessor-in-interest PostX Corporation. Accordingly, PostX LLC has the right to collect all

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

STIP. TO EXONERATE BONDING CO. (CBIC);
[PROPOSED] ORDER
C02-04483 SI and C03-0521 SI

17667\1470923.1

1. debts due to PostX Corporation, including the Outstanding Debt described herein.

2. WHEREAS, on March 21, 2006, the Court entered judgment in the Litigation in favor of PostX and against Sigaba in the amount of $450,000.00 ("the Judgment").

3. WHEREAS, Sigaba appealed the Judgment and posted an undertaking in the amount of $450,000 on August 3, 2006 with the Clerk of the United States District Court for the Northern District of California to secure the Judgment pending outcome of the appeal. Said undertaking was issued by Contractors Bonding and Insurance Company, a/k/a CBIC ("CBIC") in the amount of $450,000.00, Bond No. BB8288.

4. WHEREAS, the United States Court of Appeals for the Federal Circuit, by its August 17, 2007 Judgment, affirmed the March 21, 2006 Judgment of the United States District Court for the Northern District of California and no other appellate action was taken by Sigaba.

5. WHEREAS, the Judgment is now due and payable to PostX (as well as statutory interest and costs), and the Parties desire to execute certain documentation that will confirm full satisfaction of the Judgment, including payment of a portion of the Judgment by CBIC, and to exonerate CBIC from any and all claims that might arise from paying said portion of the Judgment.

6. WHEREAS, in accord with the Judgment, Sigaba is required to pay PostX $493,985.45 which includes interest up to and until March 21, 2008, and such interest will continue to accrue on a daily basis until full payment is made ("Outstanding Debt").

7. WHEREAS, upon receipt of the funds in the amount of the Outstanding Debt, PostX agrees to cause the Satisfaction of Judgment attached hereto as Exhibit A to be executed and transmitted to counsel for Sigaba.

**IT IS HEREBY STIPULATED** by and between the parties hereto through their respective attorneys of record that, subject to approval by the Court:

1. Upon payment of the Outstanding Debt, via wire transfer pursuant to the following wire instructions: Silicon Valley Bank, 3003 Tasman Drive, Santa Clara, CA 95054, Beneficiary: PostX Corporation, ABA #: 121140399, Account #: 3300461595 and Swift#: SVBKUS6S, the Judgment shall be fully satisfied. Sigaba has advised PostX that its surety, CBIC will be paying

Farella Braun & Martel LLP
Russ Building, 10th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

STIP. TO EXONERATE BONDING CO. (CBIC);
[PROPOSED] ORDER - 2 - 17667\1470923.1
C02-04483 SI and C03-0521 SI

$450,000 of the Outstanding Debt as proceeds from CBIC Bond Number BB8288 dated May 17, 2006 and that the remainder of the Outstanding Debt shall be paid by Sigaba.

2. Upon PostX's receipt, by wire transfer to the above Silicon Valley Bank account of $450,000 from CBIC, CBIC Bond BB8288 shall be fully and finally exonerated and PostX and Sigaba and their agents, employees, officers, directors, shareholders, partners, sureties, insurers, predecessors, successors, assigns, as well as all parent, subsidiary and other predecessor, successor and related companies, and attorneys, past and present, each release and forever discharge Contractors Bonding and Insurance Company, a/k/a CBIC, and their agents, employees, officers, directors, shareholders, partners, sureties, insurers, predecessors, successors, assigns, as well as all parent, subsidiary and other predecessor, successor and related companies, and attorneys, past and present, from any and all claims arising from or in any way related to CBIC Bond Number BB8288 dated May 17, 2006.

3. Nothing herein should be construed as a release by PostX of Sigaba's obligation to fully satisfy the Judgment plus interest and costs unless payment of the Outstanding Debt is received by PostX on or before March 21, 2008.

DATED: March 17, 2008                          FARELLA BRAUN & MARTEL LLP

                                               By: _____
                                                   Jeffrey M. Fisher, Esq.
                                               Attorneys for Defendant
                                               Secure Data in Motion, Inc. d/b/a Sigaba


DATED: March 17, 2008                          PILLSBURY WINTHROP SHAW PITTMAN LLP

                                               By: _____
                                                   Dianne L. Sweeney, Esq.
                                               Attorneys for Plaintiff PostX

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

STIP. TO EXONERATE BONDING CO. (CBIC);
[PROPOSED] ORDER                    - 3 -                    17667\1470923.1
C02-04483 SI and C03-0521 SI

1  PURSUANT TO STIPULATION IT IS SO ORDERED:

2  Dated: _____

*[signature: Susan Illston]*

THE HONORABLE SUSAN ILLSTON
Judge of the United States District Court

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

STIP. TO EXONERATE BONDING CO. (CBIC);
[PROPOSED] ORDER
C02-04483 SI and C03-0521 SI

- 4 -

17667\1470923.1

# EXHIBIT A

## TO STIPULATION TO EXONERATE BONDING COMPANY (CBIC)

| | |
|---|---|
| John L. Cooper, SBN 050324<br>James W. Morando, SBN 087896<br>Jeffrey M. Fisher, SBN. 155284<br>Stephanie Powers Skaff, SBN 183119<br>FARELLA BRAUN & MARTEL LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendant<br>Secure Data in Motion, Inc. d/b/a Sigaba | Joseph R. Tiffany II, SBN 067821<br>Dianne L. Sweeney, SBN 187198<br>PILLSBURY WINTHROP SHAW<br>PITTMAN LLP<br>2475 Hanover Street<br>Palo Alto, California 94304-1114<br>Telephone: (650) 233-4500<br>Facsimile: (650) 233-4545<br><br>Attorneys for Plaintiff and Counterdefendant<br>PostX LLC successor-in-interest to PostX<br>Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>SECURE DATA IN MOTION, INC. d/b/a<br>SIGABA,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C03-0521 and C02-04483 SI<br><br>**SATISFACTION OF JUDGMENT** |

On March 20, 2006, judgment was entered in this matter against Secure Data in Motion, Inc., d/b/a Sigaba ("Sigaba") in the form of judgment attached hereto as Exhibit A (the "Judgment") and in favor of PostX Corporation, which has been merged with and into PostX LLC under the name PostX LLC, a Delaware limited liability company ("PostX"). PostX, the judgment creditor in the present action, having received full and complete satisfaction and payment in the amount of $493,985.45, including interest and satisfaction of the bill of costs in the amount of $400.46, releases Sigaba from the obligations of the Judgment and all other claims for costs in the above action.

Dated: March ___, 2008

                                                                                                                  _____<br>
                                                                                                                  Joseph R. Tiffany II<br>
                                                                                                                  Counsel for Plaintiff PostX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POSTX CORPORATION,　　　　　　　　　　　No. C 03-0521 SI

　　　　　Plaintiff,　　　　　　　　　　　　　　　　**JUDGMENT**

　　v.

SECURE DATA IN MOTION, INC ET AL,

　　　　　Defendant.
_____/

　　　　　This action came on for trial before the jury, the Honorable Susan Illston, United States District Judge presiding. The issues having been tried before the Court and special verdict rendered on March 17, 1006.

　　　　　IT IS ORDERED AND ADJUDGED that pursuant to the findings, judgment shall be entered in favor of POSTX and against SECURE DATA IN MOTION.

**IT IS SO ORDERED.**

Dated: 3/20/06

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POSTX CORPORATION,      No. C 02-04483 SI

    Plaintiff,      **JUDGMENT**

v.

SECURE DATA IN MOTION, INC ET AL,

    Defendant.
_____/

    This action came on for trial before the jury, the Honorable Susan Illston, United States District Judge presiding. The issues having been tried before the Court and special verdict rendered on March 17, 1006.

    IT IS ORDERED AND ADJUDGED that pursuant to the findings, judgment shall be entered in favor of POSTX and against SECURE DATA IN MOTION.

**IT IS SO ORDERED.**

Dated: 3/20/06

                                                                          SUSAN ILLSTON
                                                                          United States District Judge

**FILED**

MAR 17 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SECURE DATA MOTION, INC. d/b/a/ SIGABA,<br><br>    Defendant.<br>_____ /<br>SECURE DATA MOTION, INC. d/b/a/ SIGABA,<br><br>    Cross-Claimant,<br><br>v.<br><br>POSTX CORPORATION,<br><br>    Cross-Defendant.<br>_____ / | No. C 02-4483 SI<br>No. C 03-0521 SI<br><br>**SPECIAL JURY VERDICT** |

    We, the jury in the above captioned action, unanimously find the following Special Verdict on the questions posed to us:

**I. PostX's claim against Sigaba for Misappropriation of Confidential Business Information:**

**Question No. 1:** Did PostX prove, by a preponderance of the evidence, that PostX invested substantial time, skill or money in developing its confidential business information?

　　X　Yes　　　　____ No

If your answer to Question No. 1 was "Yes," please answer the next question. If your answer to Question No. 1 was "No," please go to Question No. 6.

**Question No. 2:** Did PostX prove, by a preponderance of the evidence, that Sigaba obtained and used the confidential business information at little or no cost?

　　X　Yes　　　　____ No

If your answer to Question No. 2 was "Yes," please answer the next question. If your answer to Question No. 2 was "No," please go to Question No. 6.

**Question No. 3:** Did PostX prove, by a preponderance of the evidence, that Sigaba used PostX's confidential business information without PostX's authorization or consent?

　　X　Yes　　　　____ No

If your answer to Question No. 3 was "Yes," please answer the next question. If your answer to Question No. 3 was "No," please go to Question No. 6.

**Question No. 4:** Did PostX prove, by a preponderance of the evidence, that Sigaba's conduct injured PostX?

　　X　Yes　　　　____ No

If your answer to Question No. 4 was "Yes," please answer the next question. If your answer to Question No. 4 was "No," please go to Question No. 6.

**Question No. 5:** What is the dollar amount of damages, if any, that PostX should be awarded as a result of Sigaba's misappropriation of confidential business information?

$ _450,000_　　　　　　　　(Please answer the next question.)

**II. Sigaba's Claim against PostX for Misappropriation of Confidential Business Information:**

**Question No. 6:** Did Sigaba prove, by a preponderance of the evidence, that Sigaba invested substantial time, skill or money in developing its confidential business information?

\_\_\_\_ Yes         _X_ No

If your answer to Question No. 6 was "Yes," please answer the next question. If your answer to Question No. 6 was "No," please go to Question No. 11.

**Question No. 7:** Did Sigaba prove, by a preponderance of the evidence, that PostX obtained and used the confidential business information at little or no cost?

\_\_\_\_ Yes         \_\_\_\_ No

If your answer to Question No. 7 was "Yes," please answer the next question. If your answer to Question No. 7 was "No," please go to Question No. 11.

**Question No. 8:** Did Sigaba prove, by a preponderance of the evidence, that PostX used Sigaba's confidential business information without Sigaba's authorization or consent?

\_\_\_\_ Yes         \_\_\_\_ No

If your answer to Question No. 8 was "Yes," please answer the next question. If your answer to Question No. 8 was "No," please go to Question No. 11.

**Question No. 9:** Did Sigaba prove, by a preponderance of the evidence, that PostX's conduct injured Sigaba?

\_\_\_\_ Yes         \_\_\_\_ No

If your answer to Question No. 9 was "Yes," please answer the next question. If your answer to Question No. 9 was "No," please go to Question No. 11.

**Question No. 10:** What is the dollar amount of damages, if any, that Sigaba should be awarded as a result of PostX's misappropriation of confidential business information?

$ _____         (Please answer the next question.)

### III. Sigaba's Claim against PostX for False Advertising:

**Question No. 11:** Did Sigaba prove, by a preponderance of the evidence, that a false statement of fact was made by PostX in a commercial advertisement about Sigaba's products?

\_\_\_\_ Yes        **X** No

If your answer to Question No. 11 was "Yes," please answer the next question. If your answer to Question No. 11 was "No," please go to the end of the verdict form, and sign and date it.

**Question No. 12:** Did Sigaba prove, by a preponderance of the evidence, that the statement was made to interfere with Sigaba's business?

\_\_\_\_ Yes        \_\_\_\_ No

If your answer to Question No. 12 was "Yes," please answer the next question. If your answer to Question No. 12 was "No," please go to the end of the verdict form, and sign and date it.

**Question No. 13:** Did Sigaba prove, by a preponderance of the evidence, that the statement actually deceived or had the tendency to deceive a substantial segment of the audience?

\_\_\_\_ Yes        \_\_\_\_ No

If your answer to Question No. 13 was "Yes," please answer the next question. If your answer to Question No. 13 was "No," please go to the end of the verdict form, and sign and date it.

**Question No. 14:** Did Sigaba prove, by a preponderance of the evidence, that the deception was material, in that it was the type of statement consumers would rely upon in making a purchasing decision?

\_\_\_\_ Yes        \_\_\_\_ No

If your answer to Question No. 14 was "Yes," please answer the next question. If your answer to Question No. 14 was "No," please go to the end of the verdict form, and sign and date it.

**Question No. 15:** Did Sigaba prove, by a preponderance of the evidence, that Sigaba was injured as a result of the statement, either by direct diversion of sales from Sigaba to PostX or by a lessening of the goodwill associated with Sigaba's products?

\_\_\_\_ Yes        \_\_\_\_ No

If your answer to Question No. 15 was "Yes," please answer the next question. If your answer to Question No. 15 was "No," please go to the end of the verdict form, and sign and date it..

**Question No. 16:** What is the dollar amount of damages, if any, that Sigaba should be awarded as a result of PostX's false advertising?

$ _____

Dated: 3-17-06

_____
FOREPERSON